UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE BEE CISLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03265-JPH-DML |
| | ) | |
| WEXFORD OF INDIANA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Appoint Counsel**

The plaintiff has filed a third motion to appoint counsel. Dkt. 48. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

In his motion, the plaintiff identifies eight attorneys or legal organizations that he has contacted asking for representation. He has received either a negative response or no response. The plaintiff should continue to make efforts to recruit counsel on his own.

Based on the information provided in the motion, the Court finds that the plaintiff is competent to litigate this civil action himself. The plaintiff claims a denial of dental care during a short, specific time in 2018, *see* dkt. 1; dkt. 6, so the relevant facts are largely within his knowledge. The plaintiff states that he can read and write English, and he obtained his G.E.D. in 2005. Although he has mental health issues, he states that his issues are managed by medication. Most importantly, the plaintiff's filings in this case demonstrate that he is literate and has the ability to communicate effectively. If the plaintiff's incarceration or other circumstances make it difficult for him to comply with the deadlines in this case, he may file a motion for an extension of time.

For these reasons, the plaintiff's motion to appoint counsel, dkt. [48], is **denied without prejudice**.

**SO ORDERED.**

Date: 10/1/2019

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONNIE BEE CISLO
LaPorte County
809 State Street, Ste 201A
LaPorte, IN 46350

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL

matthew.koressel@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com